**Kelsey Peddie, OSB #184245**
**Brian D. Chenoweth, OSB #944991**
E-mail: kpeddie@chenowethlaw.com
          bdc@chenowethlaw.com
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fifth Floor
Portland, OR  97204
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182

   *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| EMIL J. ALI, an individual,<br>         Plaintiff,<br><br>     v.<br><br>CARR BUTTERFIELD, LLP, an Oregon Limited Liability partnership, and JOHN T. CARR, an individual,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Emil J. Ali ("Plaintiff") alleges as follows:

**THE PARTIES**

1.

Plaintiff Emil J. Ali is an individual who at all relevant times was an employee of Defendant Carr Butterfield, LLP ("Carr Butterfield").

Page 1 -   **COMPLAINT**

2.

Carr Butterfield is an Oregon limited liability partnership.  Carr Butterfield previously did business as Carr Butterfield, LLC.

3.

Defendant John T. Carr is an Oregon resident and Plan Administrator of Carr Butterfield's 401(k) plan.

**JURISDICTION AND VENUE**

4.

As an Oregon-registered business and individual, Defendants are subject to personal jurisdiction in Oregon.

5.

Venue is proper in this Court because a substantial part of the events giving rise to the claims occurred in Oregon involving Oregon residents and businesses.

6.

Plaintiff has served this Complaint by certified mail on the Secretary of Labor and the Secretary of Treasury pursuant to 29 USC § 1132(h).

**FIRST CLAIM FOR RELIEF**

(29 USC §§ 1024, 1132)

7.

Plaintiff Ali began working as an employee of Carr Butterfield on January 2, 2018.

8.

Ali remained employed with Carr Butterfield until his voluntary resignation on July 31, 2020.

9.

At all material times, Carr Butterfield served as an administrator and Plan Sponsor of Carr Butterfield's 401(k) plan held at VOYA Financial.

10.

Carr Butterfield and John T. Carr are plan administrators pursuant to 29 USC 1002(16).

11.

On or about September 11, 2020, Ali requested his plan documents in writing.

12.

Carr Butterfield did not remit the requested plan documents until February 25, 2021.

13.

As a plan administrator, Carr Butterfield was required to furnish plan documents upon written request.

14.

Carr Butterfield failed to comply with its statutory obligations to furnish plan documents for 167 days.

15.

Ali is entitled to a statutory penalty of $110/day for each day Carr Butterfield failed to remit the requested plan documents. Ali is entitled to a total penalty of $18,370.

16.

As a plan beneficiary, Ali is entitled to attorneys' fees and costs pursuant to 29 USC § 1132(g)(1).

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

(29 USC §§ 1104, 1109)

17.

Contributions to the 401k plan are "plan assets" of an ERISA-covered benefit plan pursuant to 29 C.F.R. §2510.3-102(a).

18.

Plan assets must be deposited into the plan account by the 7th business day after the amount is received by the employer. *See* 29 C.F.R. §2510.3-102(a)(2)(i).

19.

Defendants regularly failed to deposit plan assets in a timely fashion. At least $13,044.24 was not timely deposited into the plan account.

20.

In one instance, plan assets from December 2019 were not transferred to the Plan until December 2020. Plaintiff has uncovered approximately ten other instances when plan assets were not properly deposited. Plaintiff's investigation of his damages is ongoing, and there may be other instances where Defendants failed to timely remit plan assets.

21.

By exercising control over the disposition of wage deductions that constituted employee contributions to the 401k plan, Defendants acted as fiduciaries of the plan assets within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

/ / /

/ / /

/ / /

Page 4 -   **COMPLAINT**

22.

By committing a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104 Defendant John Carr rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for the deductions taken from the wages of all employees during the relevant time period, and for any losses resulting from these breaches.

23.

Plaintiff is entitled to attorneys' fees pursuant to 29 USC § 1132(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

On Plaintiff's First Claim for Relief

    (a) A judgment in Plaintiff's favor totaling $18,370;

    (b) Attorneys' fees and costs pursuant to 29 USC § 1132(g)(1); and

    (c) Any other relief as the Court deems just and equitable.

On Plaintiff's Second Claim for Relief:

    (a) A judgment in Plaintiff's favor totaling an amount to be proven at trial but at least $1,000;

    (b) Attorneys' fees and costs pursuant to 29 USC § 1132(g)(1); and

    (c) Any other relief as the Court deems just and equitable.

DATED: April 20, 2021

CHENOWETH LAW GROUP, PC

s/ *Kelsey Peddie*
KELSEY PEDDIE, OSB #184245
Telephone: (503) 221-7958